

**NUMBER 13-08-00569-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN THE INTEREST OF G.M. AND X.M., CHILDREN

### On appeal from the 25th District Court of Gonzales County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Gabriel M., appeals the trial court's judgment terminating his parental rights with respect to G.M. and X.M., minor children. We affirm.

### I. "FRIVOLOUS APPEAL" BRIEF

Appellant's court-appointed appellate counsel has filed a motion to withdraw and a brief in support thereof in which she states that she has diligently reviewed the entire record and that "the record contains no reversible error and no jurisdictional defects are present." *See Anders v. California*, 386 U.S. 738 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.–Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief.").

In her brief, counsel addresses three "possible points of error": (1) the evidence was

insufficient to support the finding that appellant's conduct endangered the physical or emotional well-being of the children, *see* TEX. FAM. CODE ANN. § 161.001(1)(E) (Vernon 2008); (2) the evidence was insufficient to support the finding that appellant's incarceration rendered him unable to care for the children, *see id.* § 161.001(1)(Q)(ii); and (3) the evidence was insufficient to support the finding that termination was in the best interest of the children, *see id.* § 161.001(2). Counsel concludes, however, that these issues lack merit and that any appeal in this case would be frivolous. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that she has (1) examined the record and has found no non-frivolous grounds to advance on appeal, (2) served a copy of the brief and motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3. More than an adequate time has passed, and no pro se response has been filed.

## II. INDEPENDENT REVIEW

Upon receiving a "frivolous appeal" brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re M.P.O.*, No. 13-08-00316-CV, 2009 Tex. App. LEXIS 103, at *3-4 (Tex. App.–Corpus Christi Jan. 8, 2009, no pet.) (mem. op.). We have

---

[1] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response [to a 'frivolous appeal' brief] need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

reviewed the record and find that the appeal is wholly frivolous and without merit. *See Bledsoe v. State,* 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw.[2] We further order that counsel must, within five days of the date of this opinion, notify appellant of the disposition of this appeal and of his right to pursue a petition for review in the Texas Supreme Court. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.–Houston [1st Dist.] 2003, no pet.).

### IV. CONCLUSION

The judgment of the trial court is affirmed.

DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 20th day of August, 2009.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Supreme Court, he must either retain an attorney to file a petition for review or file a pro se petition for review. Any petition for review must be filed within 45 days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration. TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of Rule 53.2 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 53.2.